

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00124-CR

_____

ISMAEL PEREDA, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 415th District Court
Parker County, Texas
Trial Court No. CR18-0617

Before Bassel, Birdwell, and Womack, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant Ismael Pereda appeals from the trial court's judgment revoking his community supervision and sentencing him to twenty-four months' confinement. After reviewing Pereda's court-appointed counsel's *Anders* brief and conducting an independent review of the record, we modify the judgment to delete $25 of court costs that are associated with the time-payment fee, and we affirm the judgment as modified.

Under the terms of a plea bargain, Pereda pleaded guilty to the offense of possession of less than one gram of methamphetamine. *See* Tex. Health & Safety Code Ann. § 481.115. Pursuant to the terms of the plea bargain, the trial court found Pereda guilty, sentenced him to twenty-four months in state jail, suspended the sentence, and placed him on community supervision for five years. The trial court also imposed a nonsuspended $1,000 fine.

During the period of Pereda's community supervision, the State filed a petition to revoke. The State alleged that Pereda had violated five conditions of his community supervision: (d) he failed to timely report to a community-supervision officer in January, February, and March 2020;[1] (m) he failed to make timely payments

---

[1]During the hearing on the State's motion to revoke, the prosecutor asked Pereda's community-supervision officer, "And, of course, we had him stop reporting come January 2020?" Pereda's community-supervision officer stated, "Correct." It is unclear if the prosecutor meant to say April 2020, which would have fallen within the time frame of the COVID-19 pandemic and would have corresponded with the fact that the dates alleged in the motion to revoke stopped in March 2020. Nevertheless,

toward his court costs, fine, and restitution for May through December 2019 and January through March 2020; (n) he failed to timely pay his community-supervision fee for May through September 2019 and December 2019 through March 2020; (o) he failed to participate in a community-based program; and (ff) he failed to attend, participate in, and successfully complete a TCADA-approved Drug Offender Education Program.

Pursuant to Pereda's written admonishments, he judicially confessed to committing the violations of community supervision contained in the State's motion to revoke and stated that all of the allegations contained in the motion are true and correct. The trial court found the allegations to be true, revoked Pereda's community supervision, and "impose[d] the sentence previously set forth in the judgment." The judgment reflects that the trial court assessed a $1,000 unpaid fine[2] and $334 in court

---

Pereda pleaded true to the allegations in the motion to revoke. *See Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015) (stating that plea of "true," standing alone, suffices to support the revocation of community supervision). Moreover, even if Pereda was not required to report during the first three months of 2020, the revocation order is still supported by at least one violation as the record contains evidence to support the remaining four alleged violations. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) (holding that one sufficient ground supports a trial court's revocation order).

[2]Although the trial court did not orally pronounce the fine at the revocation hearing, a fine is intended to be a part of the sentence, and the trial court stated that it was "impos[ing] the sentence previously set forth in the judgment." *See Howard v. State,* No. 06-19-00166-CR, 2019 WL 6334709, at *1 (Tex. App.—Texarkana Nov. 27, 2019, no pet.) (mem. op., not designated for publication) (stating that "fines are punitive and [are] intended to be a part of the defendant's sentence"). Moreover, even assuming that the pronouncement's wording did not include the fine, the trial

costs.  The record includes an order to withdraw funds from Pereda's inmate trust account, and that document reflects that $1,334 is to be withdrawn.

Pereda's court-appointed counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967), by presenting a professional evaluation of the appellate record demonstrating why there are no arguable grounds for relief.  *See Stafford v. State*, 813 S.W.2d 503, 510–11 & n.3 (Tex. Crim. App. 1991).

In compliance with *Kelly v. State*, counsel (1) notified Pereda of his motion to withdraw; (2) provided him a copy of both the motion and the brief; (3) informed him of his right to file a pro se response; (4) informed him of his pro se right to seek discretionary review should this court hold the appeal frivolous; and (5) took concrete measures to facilitate his review of the appellate record.  *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).  This court afforded Pereda the opportunity to file a response on his own behalf, but he did not do so.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, this court is

---

court had orally pronounced the fine at the original plea hearing; thus, it may be properly included in the judgment revoking community supervision without further oral pronouncement.  *See id.* (citing *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998)).

4

obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf. *See Stafford*, 813 S.W.2d at 511. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief and the appellate record and have determined that the trial court's judgment requires modification regarding the assessment of a $25 time-payment fee included as part of the $334 court costs. The Texas Court of Criminal Appeals recently issued an opinion concluding that a trial court's assessment of the $25 time-payment fee while an appeal is pending is premature. *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021). As such, the $25 time-payment fee should be entirely struck, without prejudice to the fee being assessed later if, more than thirty days after the issuance of the appellate mandate, Pereda has failed to completely pay any fine, court costs, or restitution that he owes. *See id.*; *Webster v. State*, No. 07-20-00248-CR, 2021 WL 1899359, at *5 (Tex. App.—Amarillo May 11, 2021, no pet. h.) (mem. op., not designated for publication) (applying *Dulin* to modify judgment to delete time-payment fee assessed in a community-supervision revocation case).

Except for this necessary modification to the judgment and to the order to withdraw funds from Pereda's inmate trust account, we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the appellate record that arguably might support this appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28

(Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm as modified the trial court's judgment and the order to withdraw funds from Pereda's inmate trust account.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 15, 2021